LILLJEBERG, Appellant, v. HUGHES, Respondent.

(227 N. W. 888.)

(File No. 6725.   Opinion filed December 10, 1929.)

*Chas. R. Hatch,* of Wessington Springs, for Appellant.
*Fellows, Fellows & Whiting,* of Mitchell, for Respondent.

POLLEY, J. This is an appeal from an order sustaining a demurrer to plaintiff's complaint. The complaint alleges that one Wilson, the owner of a quarter section of land, leased the same to one Lindebak for the season of 1927. Wilson was to have a designated share of the crops raised by Lindebak and a fixed cash rent for meadow and pasture land which cash rent was evidenced by two promissory notes. The lease and notes were dated October 1, 1926, and title to all of said crops was to be and to remain in Wilson until the rent and any advances made by Wilson were paid. On the 15th day of the following December Wilson sold and assigned the said notes and lease and other evidences of indebtedness to the plaintiff in this action.

On or about the 29th day of December, 1926, one Miller commenced an action against Wilson et al, for the purpose of foreclosing a mortgage on the leased premises; and on the 7th day of March, 1927, procured an order in said action appointing the defendant herein as receiver "to demand, collect and receive all rents for and income from said premises, to take charge and possession of said premises, manage and preserve the same, to rent and lease the same, keep the buildings insured and in repair and to pay the taxes and assessments upon said premises accruing during his receivership, to bring and prosecute all proper action for the collection of rents due upon said premises, or for the removal of tenants in default or other persons, from said premises, or for the protection thereof, or to recover possession thereof, and to employ an agent to collect rents, manage the property, and keep the same insured and in repair to pay the reasonable value of said services out of the rents received."

Plaintiff alleges: "That on the 10th day of August, 1927, and prior thereto the plaintiff was the owner and entitled to immediate possession of one-half of the grain raised on said premises as rental and also entitled to possession of the other one-half of the said grain until said cash rental and other indebtedness of the said Lindebak to the said Wilson was paid, all of which indebtedness was assigned to the plaintiff on December 15th, 1926, as hereinbefore set forth." That the reasonable value of the crop, rents, issues, and profits of the said premises for the year 1927 were of the reasonable value of $1,000. That on or about the 10th day of August, 1927, defendant unlawfully converted said crops to his own use to plaintiff's damage in the sum of $1,000, and in his prayer for relief asks for judgment against defendant for $1,000, with interest thereon since the 10th day of August, 1927.

Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was properly sustained. There is no allegation in the complaint that Lindebak ever went into possession of the leased premises or produced any of the crops that were raised on said premises during the year 1927. Under the order appointing defendant receiver it was his duty to take possession of said premises and, "manage and preserve the same, to rent and lease the same, etc., and for anything that appears in the complaint it may have been defendant or his lessee who produced the crops in question.

Plaintiff was given an opportunity to amend his complaint, if he so desired, when the demurrer was sustained. He may still have such time as the trial court deems reasonable for that purpose.

The order appealed from is affirmed.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.